IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GOLDY RAYBON,

      Plaintiff,              No. 2:12-cv-1008 EFB P

   vs.

TOTTEN, et al.,

      Defendants.      ORDER

_____/

     Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. Dckt. No. 5; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.    Request to Proceed In Forma Pauperis**

     Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 3. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

2

### III. Screening Order

The court has reviewed plaintiff's amended complaint (Dckt. No. 2) and for the limited purposes of § 1915A screening, finds that it states cognizable Eighth Amendment claims based on (1) defendant Hardy's alleged use of excessive force in taping and restraining plaintiff's waist and wrists, and (2) defendants Hardy and Totten allegedly depriving plaintiff of bedding, hygiene supplies, showers and soap for sixteen days. However, the complaint does not state a cognizable claim against the other named defendants, Soriano, Kovarik, and Torruella, and those defendants will therefore be dismissed with leave to amend.

Plaintiff alleges that defendant Soriano ordered defendant Kovarik to hold plaintiff down while defendant Torruella administered two enemas because Soriano believed that plaintiff had drugs in his rectum. Plaintiff claims defendants forced the enemas on him and that no drugs were found as a result. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation. *Id.* at 9. The following factors are relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). Here, plaintiff fails to state a cognizable excessive force claim against defendants Soriano, Kovarik and Torruella because his allegations do not show that they administered the enemas maliciously and sadistically for the purpose of causing plaintiff harm.

////

Moreover, plaintiff fails to allege cognizable claims based on state tort law, such as assault, because he fails to allege compliance with the California Torts Claims Act ("GCA")[1], which requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Thus, plaintiff's state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

Thus, plaintiff may proceed only on his Eighth Amendment claims against defendants Hardy and Totten, or he may amend his complaint to attempt to cure the deficiencies identified above. Plaintiff is not obligated to amend his complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

---

[1] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act." *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

1967)). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If plaintiff chooses to proceed only on his Eighth Amendment claims against defendants Hardy and Totten as identified herein, the court will construe plaintiff's election as his voluntary dismissal of defendants Soriano, Kovarik and Torruella, without prejudice.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 3) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Soriano, Kovarik and Torruella are dismissed. Within 30 days of service of this order, plaintiff may amend his complaint in accordance with this Screening Order.

4. The allegations in the pleading are sufficient at least to state cognizable Eighth Amendment claims against defendants Hardy and Totten. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the amended complaint (Dckt. No. 2), two USM-285 forms and instructions for service of process on defendants Hardy and Totten. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Hardy and Totten will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as his voluntary dismissal of defendants Soriano, Kovarik and Torruella, without prejudice.

5. Failure to comply with this order will result in dismissal of this action.

Dated: July 30, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GOLDY RAYBON,

        Plaintiff,                No. 2:12-cv-1008 EFB P

    vs.

TOTTEN, et al.,

        Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

                                  /

        In accordance with the court's Screening Order, plaintiff hereby elects to:

        (1) _____ dismiss defendants Soriano, Kovarik and Torruella without prejudice, and submits the following documents:

                1       completed summons form

                2       completed forms USM-285

                3       copies of the amended complaint (Dckt. No. 2)

**OR**

        (2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                                        Plaintiff