IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GOLDY RAYBON,

      Plaintiff,                          No. 2:12-cv-1008 EFB P[1]

    vs.

TOTTEN, et al.,

                                   ORDER AND
      Defendants.                 FINDINGS AND RECOMMENDATIONS

                             /

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He alleges that defendants Totten and Hardy ("defendants") violated his Eighth Amendment rights over a sixteen day period while plaintiff was under contraband surveillance watch. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff failed to exhaust administrative remedies for his claims prior to filing suit.[2] *See* Dckt. No. 17, 21. Plaintiff opposes defendants' motion,

---

[1] Defendant Totten failed to respond to the court's order filed on August 23, 2012, Dckt. No. 13, directing that he complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

[2] Defendants' motion included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

Dckt. No. 19, and defendants have filed a reply, Dckt. No. 20.  For the following reasons, defendants' motion must be denied.

## I. Exhaustion under the PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, 697 F.3d. 1023, 1029 (9th Cir. 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[3] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

////

---

[3] Here, defendants rely on testimonial evidence in the form of declarations from prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

## II.  Discussion

Plaintiff's allegations relate to events that occurred while on contraband surveillance watch between September 19, 2009, through October 1, 2009. Plaintiff bases his Eighth Amendment claims on (1) defendant Hardy's alleged use of excessive force in taping and restraining plaintiff's waist and wrists, and (2) defendants Hardy and Totten allegedly depriving plaintiff of bedding, hygiene supplies, showers, and soap. Dckt. Nos. 2 (Apr. 17, 2012 Amended Complaint), 8 (July 31, 2012 Screening Order). Plaintiff filed this action on April 17, 2012.[4]

Defendants' evidence shows that between the time that plaintiff was on contraband surveillance watch and the filing of this action, plaintiff filed only two inmate appeals that were accepted and decided at the third level of review. Dckt. No. 17-2 ("Lozano Decl.") ¶¶ 3-4 (log no. Sac-10-01433), Ex. 1 (Director's Level decision dated May 3, 2011); Dckt. No. 17-5 ("Zamora Decl.") ¶¶ 4-5 (log no. FSP-26-09-10954), Ex. 2 (Director's Level decision dated May 13, 2010). Neither of those appeals relates to the allegations in plaintiff's complaint. *See* Lozano Decl., Ex. 1 (group appeal regarding lockdown restrictions following assault on an inmate); Zamora Decl., Ex. 2 (appeal regarding forced use of enema).

////

---

[4] The docket reflects that prison officials metered plaintiff's complaint for mailing in June 2010, but did not mail it to the court until April 2012. *See* Dckt. No. 2 (including April 11, 2012 letter from Warden Virga acknowledging delay in mail).

4

Defendants' evidence demonstrates that the administrative appeals process offered plaintiff a third level of review. It also demonstrates that plaintiff did not use this administrative remedy to address his complaints about the events giving rise to this lawsuit. Defendants have therefore met their initial burden of showing that plaintiff failed to properly exhaust his administrative remedies prior to commencing this lawsuit. *See Albino*, 697 F.3d at 1031 ("A defendant's burden of establishing an inmate's failure to exhaust is very low," and "[a] defendant need only show the existence of remedies that the plaintiff did not use."). The burden now shifts to plaintiff to produce evidence that demonstrates either exhaustion or circumstances excusing exhaustion. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

Plaintiff's opposition suggests that he should be excused from exhaustion. An inmate's failure to exhaust under the PLRA may be excused where "circumstances render administrative remedies effectively unavailable." *See Nunez v. Duncan*, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010) (finding that the plaintiff was excused from exhausting administrative remedies where he took "reasonable steps" to exhaust his claim, but was precluded from exhausting because of a mistake made by the warden). Through his opposition, plaintiff demonstrates that he filed an administrative appeal regarding his complaints against defendants. Plaintiff shows that this appeal was denied at the first level of review on December 9, 2009. Dckt. No. 19 at 5-6 (appeal no. HA-004). In a sworn statement, plaintiff states that he "did not receive anything" other than the first level response, even though he submitted "additional information to the second and third levels." *Id.* at 2. Plaintiff explains that when he inquired about the status of his appeal, he was informed that "sometimes the mail is lost or [m]isplaced." *Id.* Plaintiff claims that after his third level appeal "mysterious[ly] disappear[ed]," he "took the only other option available to him and filed the instant action." *Id.*

Defendants contend that plaintiff's "conclusory allegations" of his attempts to exhaust his administrative remedies are insufficient to rebut the evidence submitted with defendants' motion. *See* Dckt. No. 20 at 2 (suggesting plaintiff should have included evidence showing to whom he

1 gave his grievance, whether he submitted any requests to the appeals coordinator to inquire
2 about his allegedly lost grievance, whether he submitted the grievance to the second level before
3 seeking a third-level decision, or whether he attempted to resubmit the grievance to the third
4 level after failing to receive a response).  Plaintiff has, however, rebutted defendants' evidence.
5 Plaintiff demonstrates that he filed an appeal regarding the allegations in the complaint, but
6 received no response after the first level.  Plaintiff states he "complied with all requests and
7 demands" in pursuing further administrative relief and that he inquired about the status of the
8 appeal, only to be told that it might have been lost.  After then submitting his appeal to the third
9 level and again not receiving a response, plaintiff filed this action. Dckt. No. 19 at 2.
10 Defendants fail to explain why plaintiff's efforts were not reasonable or to point to any authority
11 that would have required that plaintiff proceed differently under the circumstances.  *See*
12 *Wiseman v. Cate*, No. 1:10-cv-0024 LJO SKO PC, 2013 U.S. Dist. LEXIS 34894, at *9 (E.D.
13 Cal. Mar. 12, 2013) (denying motion to dismiss for failure to exhaust in light of evidence that
14 plaintiff attempted to exhaust but was unable to, "and in the absence of any regulation directing
15 different or additional action by Plaintiff in such a circumstance").  Moreover, defendants do not
16 dispute that plaintiff filed an administrative appeal concerning plaintiff's claims against them.  In
17 fact, they submit no portion of the administrative record concerning appeal no. HA-004.  In
18 addition, defendants not dispute plaintiff's representation that his properly submitted appeals
19 went unanswered.

20     Plaintiff has presented adequate evidence to support a finding that the steps he took to
21 exhaust were both reasonable and appropriate.  He has also shown that he was precluded from
22 exhausting through no fault of his own.  This evidence is undisputed.  Accordingly, defendants'
23 motion to dismiss must be denied.  *See Gaspard v. Hedgpeth*, No. 12-1058 JST, 2013 U.S. Dist.
24 LEXIS 61830, at *4-9 (N.D. Cal. Apr. 30, 2013) (denying motion to dismiss for failure to
25 exhaust where defendants failed to dispute evidence that plaintiff received no response to
26 administrative appeal); *Wiseman*, 2013 U.S. Dist. LEXIS at *8-9 (same); *Andrews v. Aurelio*,

6

No. C 11-2536, 2013 U.S. Dist. LEXIS 14111, at *9-10 (N.D. Cal. Jan. 31, 2013) (same and citing additional cases).

### III. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motions to dismiss for failure to exhaust administrative remedies (Dckt. Nos. 17, 21) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7