1

2

3                    UNITED STATES DISTRICT COURT

4                   EASTERN DISTRICT OF CALIFORNIA

5

6   GOLDY RAYBON,                      No. 2:12-cv-01008-GEB-EFB

7              Plaintiff,

8       v.                            **PROPOSED INTRODUCTION & VOIR**
                                      **DIRE, PRELIMINARY JURY**
9   HARDY,                            **INSTRUCTIONS, CLOSING JURY**
                                      **INSTRUCTIONS, AND VERDICT FORM;**
10             Defendant.             **AND RULING ON DEFENDANT'S IN**
                                      **LIMINE MOTIONS**
11

12

13          The  Court's  proposed  introduction  and  voir  dire,

14   preliminary  jury  instructions,  closing  jury  instructions,  and

15   verdict  form  are  attached.  The  undisputed  facts  follow  the

16   preliminary  jury  instructions.  The  instructions  do  not  include

17   punitive  damages,  since  the  issue  of  punitive  damages  will  be

18   presented  to  the  jury  (both  as  to  liability  and  the  amount  of  any

19   punitive  damages)  only  if  the  jury  finds  in  favor  of  Plaintiff

20   against Defendant.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                    1

1        Lastly, Defendant Hardy's in limine motions filed on

2   March 1, 2016, (ECF Nos. 64-65), are denied because they are not

3   ripe enough for a pre-trial ruling and appear to concern matters

4   that may not arise during the trial.

5   Dated:  March 9, 2016

6

7

8   GARLAND E. BURRELL, JR.
    Senior United States District Judge

9

10

1

2

3                        UNITED STATES DISTRICT COURT

4                     EASTERN DISTRICT OF CALIFORNIA

5

6   GOLDY RAYBON,                    No. 2:12-cv-01008-GEB-EFB

7              Plaintiff,

8        v.                          **INTRODUCTION & VOIR DIRE**

9   HARDY,

10             Defendant.

11

12        1.   Ms. Furstenau, please administer the oath to the

13   panel. Good morning, and welcome to the United States District

14   Court. Thank you for both your presence and your anticipated

15   cooperation in the questioning process we are about to begin.

16   You are performing an important function in our legal system.

17        The court personnel who will assist me in this

18   trial are on the platform below me. The Courtroom Deputy is Shani

19   Furstenau. She is on the platform below me on my left side. Next

20   to her is the Certified Court Reporter.

21        2.   The Jury Administrator has already randomly

22   selected potential jurors and placed their names on a sheet that

23   has been provided to each party. The names are listed in the

24   numerical sequence in which they were randomly selected, and each

25   juror has been placed in his or her randomly-selected seat, and

26   has a large laminated card showing the number of his or her

27   random selection.

28        3.   I will ask a series of questions to the jurors as

3

1  a group. If you have a response, please raise your hand or the

2  number you've been given, which reflects your seat number.

3  Generally, you will be given an opportunity to respond in

4  accordance with the numerical order in which you are seated, with

5  the juror having the lowest number responding first. If no juror

6  raises his or her hand, I will simply state "no response" for the

7  record and then ask the next question. If you know it is your

8  turn to respond to a question, you may respond before I call your

9  name by stating the number on the laminated card you have.

10        I am about to ask you questions intended to

11  provide the parties with information about each prospective

12  juror, so that each side is in a better position to select

13  individuals to serve as jurors.

14        4.   This lawsuit concerns Plaintiff's allegation that

15  Defendant used excessive force against Plaintiff on a day when

16  Plaintiff was on contraband surveillance watch because he was

17  suspected of hiding contraband in his body.

18        Is there anything about the nature of this case

19  which might prevent you from being fair and impartial to either

20  side of this case?

21        5.   It has been estimated that it should take two days

22  for all the evidence and closing arguments to be presented to the

23  jury, following the jury will commence jury deliberation. A trial

24  day is scheduled to begin at 9:00 a.m. and usually ends around

25  4:30 p.m. As soon as you commence jury deliberations, you will be

26  expected to deliberate as necessary during these hours, but not

27  on the weekends, until you complete your deliberations. Will any

28  of you find it difficult or impossible to participate in this

4

1 | trial during these times?

2 |         6.    Each party may now introduce himself and name any

3 | witness he may call to the witness stand during the trial.

4 |         Do you know any individual just named?

5 |         7.    Is there any member of the panel who has a problem

6 | that would make it difficult to serve as juror in this case?

7 |         8.    Have you ever served as a juror before?

8 |         (a) Please state the nature of the case and,

9 | without stating the result reached, state whether the jury

10 | reached a verdict.

11 |         9.    During the trial, each of you will have to

12 | determine which witnesses are telling the truth. Please raise

13 | your hand if you are unwilling or not comfortable judging the

14 | credibility of a witness.

15 |         10.   Is there any reason why you could not be fair to

16 | both sides in this case?

17 |         11.   Would you tend to believe the testimony of a

18 | correctional officer just because the witness is or was a

19 | correctional officer?

20 |         12.   Would you tend not to believe the testimony of a

21 | correctional officer just because the witness is or was a

22 | correctional officer?

23 |         13.   Have any of your close relatives or friends ever

24 | been in jail or prison?

25 |         14.   My deputy clerk will give juror number 1 a sheet

26 | on which there are questions that I want each of you to answer.

27 | Please pass the sheet to the juror next to you after you answer

28 | the questions.

1              (a)   Name

2              (b)   Age

3              (c)   Educational background

4              (d)   Present and former occupations for you and

5  your spouse and/or any person residing with you.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3                    UNITED STATES DISTRICT COURT

4                   EASTERN DISTRICT OF CALIFORNIA

5

6   GOLDY RAYBON,                    No. 2:12-cv-01008-GEB-EFB

7              Plaintiff,

8        v.                          **PRELIMINARY JURY INSTRUCTIONS &**
                                     **UNDISPUTED FACTS (ECF NO. 62 AT**
9   HARDY,                           **ECF PP. 7–11.)**

10             Defendant.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRELIMINARY INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you further instructions on the rules of law.

You must not infer from these instructions, or from anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1          PRELIMINARY INSTRUCTION NO. 2

2

3          I am now going to give you jury admonitions that you

4    must remember. When we take recesses, I may reference these

5    admonitions by telling you to remember the admonitions or

6    something similar to that. You are required to follow these

7    admonitions whether or not I remind you of them:

8          First, keep an open mind throughout the trial, and do

9    not decide what the verdict should be until you and your fellow

10   jurors have completed your deliberations at the end of the case.

11         Second, because you must decide this case based only on

12   the evidence received in the case and on my instructions as to

13   the law that applies; you must not be exposed to any other

14   information about the case or to the issues it involves during

15   the course of your jury duty. Thus, until the end of the case or

16   unless I tell you otherwise:

17         Do not communicate with anyone in any way and do not

18   let anyone else communicate with you in any way about the merits

19   of the case or anything to do with it. This includes discussing

20   the case in person, in writing, by phone or electronic means, via

21   e-mail, Facebook, text messaging, or any Internet chat room,

22   blog, Web site, App, or other feature. This applies to

23   communicating with your fellow jurors until I give you the case

24   for deliberation, and it applies to communicating with everyone

25   else including your family members, your employer, and the people

26   involved in the trial, although you may notify your family and

27   your employer that you have been seated as a juror in the case.

28

9

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not conduct any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom deputy, or to the court reporter if my courtroom deputy is not present, who will give it to me.

1                    PRELIMINARY INSTRUCTION NO. 3

2

3          The evidence you are to consider in deciding what the

4   facts are consists of:

5               the sworn testimony of any witness;

6               the exhibits that are received into evidence; and

7               any facts to which the parties agree.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    PRELIMINARY INSTRUCTION NO. 4

2

3

4          In  reaching  your  verdict,  you  may  consider  only  the

5   testimony and exhibits received into evidence. Certain things are

6   not evidence, and you may not consider them in deciding what the

7   facts are. I will list them for you:

8          First, arguments and statements by Defendant's attorney

9   and by Plaintiff, except when Plaintiff testifies under oath, are

10  not  evidence.  Defendant's  attorney  is  not  a  witness,  and

11  Plaintiff is not a witness except when he testifies under oath.

12  What  they  eventually  may  say  in  their  closing  arguments  is

13  intended  to  help  you  interpret  the  evidence,  but  it  is  not

14  evidence. If the facts as you remember them differ from the way

15  Defendant's attorney and Plaintiff state them, your memory of the

16  facts controls;

17         Second, questions and objections by the parties are not

18  evidence. The parties have a duty to object when they believe a

19  question is improper under the rules of evidence. You should not

20  be influenced by the objection or by the court's ruling on it;

21         Third, testimony that has been excluded or stricken, or

22  that you have been instructed to disregard, is not evidence and

23  must  not  be  considered.  In  addition,  sometimes  testimony  and

24  exhibits are received only for a limited purpose; if I give a

25  limiting instruction, you must follow it;

26         Fourth, anything you see or hear when the court is not

27  in session is not evidence. You are to decide the case solely on

28

1   the evidence received at the trial.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3

PRELIMINARY INSTRUCTION NO. 5

4      Evidence may be direct or circumstantial. Direct
5  evidence is direct proof of a fact, such as testimony by a
6  witness about what that witness personally saw or heard or did.
7  Circumstantial evidence is proof of one or more facts from which
8  you could find another fact.

9      You should consider both kinds of evidence. The law
10 makes no distinction between the weight to be given to either
11 direct or circumstantial evidence. It is for you to decide how
12 much weight to give to any evidence.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          PRELIMINARY INSTRUCTION NO. 6

2

3

4          There are rules of evidence that control what can be
5    received into evidence. When Plaintiff or Defendant's attorney
6    ask a question or offer an exhibit into evidence, and another
7    party thinks that it is not permitted by the rules of evidence,
8    that party may object. If I overrule the objection, the question
9    may be answered or the exhibit received. If I sustain the
10   objection, the question cannot be answered, and the exhibit
11   cannot be received. Whenever I sustain an objection to a
12   question, you must ignore the question and must not guess what
13   the answer might have been.

14         Sometimes I may order that evidence be stricken from
15   the record and that you disregard or ignore the evidence. That
16   means that when you are deciding the case, you must not consider
17   the evidence that I told you to disregard.

18

19

20

21

22

23

24

25

26

27

28

1

PRELIMINARY INSTRUCTION NO. 7

2

3

4        During deliberations, you will have to make your

5   decision based on what you recall of the evidence. You will not

6   have a transcript of the trial. I urge you to pay close attention

7   to the testimony as it is given.

8        If at any time during the trial you cannot hear what is

9   said or see what is shown, let me know so that I can correct the

10  problem.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    PRELIMINARY INSTRUCTION NO. 8

2

3

4          If  you  wish,  you  may  take  notes  to  help  you  remember

5     the evidence. If you do take notes, please keep them to yourself

6     until  you  and  your  fellow  jurors  go  to  the  jury  room  to  decide

7     the  case.  Do  not  let  note-taking  distract  you.  When  you  leave,

8     your notes should be left on the seat on which you are seated.

9          Whether  or  not  you  take  notes,  you  should  rely  on  your

10    own memory of the evidence. Notes are only to assist your memory.

11    You  should  not  be  overly  influenced  by  your  notes  or  those  of

12    your fellow jurors.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRELIMINARY INSTRUCTION NO. 9

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**UNDISPUTED FACTS**

A court order issued before this trial that determined the following facts concerning this case are undisputed. Therefore, you should treat each of the following facts as having been proved.

Plaintiff Goldy Raybon is properly in the custody of the California Department of Corrections and Rehabilitation.

Plaintiff was housed at Folsom State Prison at all times relevant to this case.

On Saturday, September 19, 2009, Plaintiff was placed on contraband surveillance watch because he was suspected of hiding contraband in his rectum.

Contraband surveillance watch is reserved for inmates believed to have swallowed contraband or hidden it in their body cavities.

Inmates on contraband surveillance watch must pass three recorded bowel movements that are contraband-free before they can be removed from contraband surveillance watch.

While on contraband surveillance watch, inmates are kept under direct and constant visual surveillance.

Contraband surveillance watch inmates are checked by correctional and medical personnel frequently, and they are given meals, snacks, and drinks regularly to help facilitate bowel movements.

Upon entering contraband surveillance watch, inmates are given pairs of socks, two sets of boxer shorts, and two sets of jumpsuits.

1    Inmates on contraband surveillance watch have the legs
2  and waist of their boxer shorts, and the arms and legs of their
3  jumpsuits, taped closed to prevent them from accessing their body
4  waste and disposing of or further concealing contraband.

5    Inmates on contraband surveillance watch are kept in
6  waist restraints with handcuffs and leg restraints.

7    Cells designated for contraband surveillance watch do
8  not have showers or flushing toilets because of the possibility
9  that contraband may be recovered and discarded.

10    Contraband surveillance watch inmates must contact
11  staff when they need to urinate or defecate.

12    A portable toilet and toilet paper is provided when the
13  inmate needs to defecate, and a plastic urinal device is provided
14  when he needs to urinate. The amount of urine expelled is
15  measured and recorded by correctional officers, and the feces is
16  searched to locate possible contraband.

17    When Plaintiff was put on contraband surveillance watch
18  on September 19, 2009, he was given a new pair of socks, two
19  pairs of boxer shorts (one facing forward and the other
20  backward), and two jumpsuits (one facing forward and the other
21  backward).

22    Before putting the first jumpsuit on, correctional
23  officers taped Plaintiff's boxers around his thighs and waist.

24    After that, Plaintiff put the first jumpsuit on, and
25  correctional officers taped his ankles, thighs, waist, arms, and
26  wrists.

27    After that, Plaintiff put the second jumpsuit on, and
28  officers taped his ankles, thighs, waist, arms, and wrists again.

1        Officers then applied mechanical restraints around
2    Plaintiff's ankles, and waist restraints around his mid-section,
3    and they placed him in handcuffs that were connected to the waist
4    restraints.

5        A correctional officer was stationed right outside
6    Plaintiff's cell the entire time he was on contraband
7    surveillance watch.

8        When Plaintiff needed to relieve himself, he told the
9    officer outside his cell, and the officer then notified the
10   sergeant.

11       After the sergeant was notified that Plaintiff had to
12   relieve himself, two or three officers went to Plaintiff's cell,
13   undid all of the tape around Plaintiff's clothes, removed the
14   mechanical restraints around his waist, and provided him with a
15   urinal for urination or a portable toilet for defecation.

16       On average, it takes about fifteen minutes from the
17   moment an inmate on contraband surveillance watch asks to relieve
18   himself to the time his restraints are replaced and he is put
19   back in his cell.

20       On September 21, 2009, at 5:10 p.m., Plaintiff was
21   removed from his cell. Plaintiff urinated after he was removed
22   from his cell, and after that, his jumpsuits were replaced, his
23   tape was re-applied by Defendant Hardy, and his vital signs were
24   checked.

25       Plaintiff's vital signs were checked again at 8:00 p.m.
26   At 8:30 p.m., a nurse took Plaintiff to the Treatment and Triage
27   Area after he complained of shortness of breath.

28       Plaintiff did not tell the nurse why he was

1   experiencing shortness of breath.

2          Dr. Reddy evaluated Plaintiff at the Treatment and

3   Triage Area at approximately 9:10 p.m.

4          Plaintiff's chief complaint to Dr. Reddy was shortness

5   of breath, but he did not mention Defendant Hardy or say that

6   Hardy (or any other officer) applied his waist restraints too

7   tight.

8          Plaintiff was alert and oriented during Dr. Reddy's

9   evaluation, and his blood pressure, pulse, and oxygen saturation

10  levels were normal and stable.

11         Dr. Reddy determined that there were no clear medical

12  indications to send Plaintiff for emergency care outside of the

13  Treatment and Triage Area because Plaintiff was clinically

14  stable.

15         Plaintiff was released from the Treatment and Triage

16  Area and sent back to his contraband surveillance watch cell

17  about twenty minutes after Dr. Reddy evaluated him.

18

19

20

21

22

23

24

25

26

27

28

1

2

3                    UNITED STATES DISTRICT COURT

4                   EASTERN DISTRICT OF CALIFORNIA

5

6  GOLDY RAYBON,                        No. 2:12-cv-01008-GEB-EFB

7              Plaintiff,

8        v.                             **CLOSING JURY INSTRUCTIONS**

9  HARDY,

10              Defendant.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                              Instruction No. 1

2

3           Members of the jury, now that you have heard all the

4    evidence and the arguments of the parties, it is my duty to

5    instruct you on the law which applies to this case. Each of you

6    is in possession of a copy of these jury instructions, which you

7    may take into the jury room for your use during deliberations if

8    you find it necessary.

9           It is your duty to find the facts from all the evidence

10   in the case. To those facts you must apply the law as I give it

11   to you. You must follow the law as I give it to you whether you

12   agree with it or not. And you must not be influenced by any

13   personal likes or dislikes, opinions, prejudices, or sympathy.

14   That means that you must decide the case solely on the evidence

15   before you and according to the law. You will recall that you

16   took an oath promising to do so at the beginning of the case.

17          In following my instructions, you must follow all of

18   them and not single out some and ignore others; they are all

19   equally important. Do not read into these instructions or into

20   anything I may have said or done any suggestion as to what

21   verdict you should return—that is a matter entirely up to you.

22

23

24

25

26

27

28

                                      24

1                                  Instruction No. 2

4          The evidence you are to consider in deciding what the

5 facts are consists of:

6          the sworn testimony of any witness;

7          the exhibits which were received into evidence; and

8          the undisputed facts which were previously read to you.

1

Instruction No. 3

2

3        In  reaching  your  verdict,  you  may  consider  only  the

4  testimony  and  exhibits  received  into  evidence.  Certain  things  are

5  not  evidence,  and  you  may  not  consider  them  in  deciding  what  the

6  facts  are. I  will  list  them  for  you:

7        First,  arguments  and  statements  by  Defendants'

8  attorneys  and  by  Plaintiff,  except  when  Plaintiff  gave  testimony

9  under  oath,  are  not  evidence.  Defendants'  attorneys  are  not

10 witnesses  and  Plaintiff  is  not  a  witness  except  when  he  testified

11 under  oath. What  they  said  in  their  opening  statements,  closing

12 arguments,  and  at  other  times  is  intended  to  help  you  interpret

13 the  evidence,  but  it  is  not  evidence.  If  the  facts  as  you

14 remember  them  differ  from  the  way  Defendants'  attorneys  and

15 Plaintiff  stated  them,  your  memory  of  the  facts  controls;

16        Second,  questions  and  objections  by  the  parties  are  not

17 evidence. The  parties  have  a  duty  to  object  when  they  believe  a

18 question  is  improper  under  the  rules  of  evidence.  You  should  not

19 be  influenced  by  the  objection  or  by  the  court's  ruling  on  it;

20        Third,  testimony  that  has  been  excluded  or  stricken,  or

21 that  you  have  been  instructed  to  disregard,  is  not  evidence  and

22 must  not  be  considered.  In  addition,  if  I  gave  a  limiting

23 instruction,  you  must  follow  it;

24        Fourth,  anything  you  saw  or  heard  when  the  court  was

25 not  in  session  is  not  evidence. You  are  to  decide  the  case  solely

26 on  the  evidence  received  at  the  trial.

27

28

1

Instruction No. 4

2

3

4          Evidence may be direct or circumstantial. Direct
5    evidence is direct proof of a fact, such as testimony by a
6    witness about what that witness personally saw or heard or did.
7    Circumstantial evidence is proof of one or more facts from which
8    you could find another fact.

9          You should consider both kinds of evidence. The law
10   makes no distinction between the weight to be given to either
11   direct or circumstantial evidence. It is for you to decide how
12   much weight to give to any evidence.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factor that bears on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1                              Instruction No. 6

2

3

4            The evidence that a witness has been convicted of a

5   crime may be considered, along with all other evidence, in

6   deciding whether to believe the witness and how much weight to

7   give to the testimony of the witness, but for no other purpose.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                            Instruction No. 7

2

3

4          Some evidence was admitted for a limited purpose only.

5          When  I  instructed  you  that  an  item  of  evidence  was

6   admitted  for  a  limited  purpose,  you  must  consider  it  only  for

7   that limited purpose and for no other.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Instruction No. 8

2

3

4          When  a  party  has  the  burden  of  proof  on  a  claim  by  a

5   preponderance  of  the  evidence,  it  means  you  must  be  persuaded  by

6   the evidence that the claim is more probably true than not true.

7          You  should  base  your  decision  on  all  of  the  evidence,

8   regardless of which party presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 9

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

1         Instruction No. 10

2

3

4    The State of California, the California Department of

5 Corrections and Rehabilitation, and Folsom State Prison are not

6 defendants in this case.

7    Whether or not the State of California would reimburse

8 a Defendant for any damages awarded is irrelevant and should not

9 be considered in deciding this case.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 11

Plaintiff alleges Defendant Hardy used excessive force against him on September 21, 2009, in violation of the Eighth Amendment when Defendant applied tape on Plaintiff's waist, while Plaintiff was under contraband surveillance watch at Folsom State Prison. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, that the Defendant used excessive force under all of the circumstances;

Second, that the Defendant acted maliciously and sadistically for the purpose of causing harm; and

Third, that the Defendant's actions caused harm to Plaintiff.

In determining whether the Defendant used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether the Defendant applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by the Defendant, any efforts made to temper the severity of a forceful response, and the extent of the injury suffered. In considering these factors, you should give deference to a prison official in the execution of a policy and/or practice that in his judgment is needed to preserve institutional order and discipline and to maintain institutional security.

1

2          A person acts "maliciously" by acting with ill will,

3   spite, or for the purpose of injuring Plaintiff.

4

5          A person acts "sadistically" by engaging in extreme or

6   excessive cruelty or by delighting in cruelty.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

35

Instruction No. 12

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on one or more of his claims, you must determine his compensatory damages. The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Compensatory damages mean the amount of money that will reasonably and fairly compensate Plaintiff for any injury that you determine the Defendant caused. You should consider the nature and extent of Plaintiff's injuries.

It is for you to determine what compensatory damages, if any, have been proved.

Your award must be based on evidence and not on speculation, guesswork, or conjecture.

Instruction No. 13


        The law that applies to this case authorizes an award of nominal damages. If you find in Plaintiff's favor on a claim, but you find that he has failed to prove compensatory damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

1                          Instruction No. 14

2

3          Some of you have taken notes during the trial. Such

4    notes are only for the personal use of the person who took them.

5          There is a tendency to attach undue importance to

6    matters that a person has written down. However, some testimony

7    that is considered unimportant at the time presented, and thus

8    not written down, may take on greater significance later in the

9    trial in light of all the evidence presented. Therefore, you are

10   instructed that your notes are only a tool to aid your individual

11   memory. Your memory is your greatest asset when it comes time to

12   deliberate and render a decision in this case.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Instruction No. 15

2

3

4          When you begin your deliberations, you should elect one

5   member of the jury as your presiding juror. That person will

6   preside over the deliberations and speak for you here in court.

7          You will then discuss the case with your fellow jurors

8   to reach agreement if you can do so. Your verdict must be

9   unanimous.

10         Each of you must decide the case for yourself, but you

11  should do so only after you have considered all of the evidence,

12  discussed it fully with the other jurors, and listened to the

13  views of your fellow jurors.

14         Do not hesitate to change your opinion if the

15  discussion persuades you that you should. Do not come to a

16  decision simply because other jurors think it is right.

17         It is important that you attempt to reach a unanimous

18  verdict but, of course, only if each of you can do so after

19  having made your own conscientious decision. Do not change an

20  honest belief about the weight and effect of the evidence simply

21  to reach a verdict.

22

23

24

25

26

27

28

1                           Instruction No. 16

2

3

4           A verdict form has been prepared for you. After you

5   have reached unanimous agreement on a verdict, your presiding

6   juror will fill in the form that will be given to you, sign and

7   date it, and advise the United States Marshal's representative

8   outside your door that you are ready to return to the courtroom.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


GOLDY RAYBON,                              No. 2:12-cv-01008-GEB-EFB

            Plaintiff,

      v.                                   **VERDICT FORM**

HARDY,

            Defendant.


        WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON

THE SUBMITTED QUESTIONS:


        **Question No. 1**:    Does  Plaintiff  prevail  on  his

excessive force claim against Defendant?


                Answer:   ____ YES       ____ NO

        (*If you answered yes, continue to Question No. 2. If*

*you answered no, proceed to the next page and date, sign, and*

*return this verdict.*)

42

**Question No. 2**:    What is the amount of damages you award to Plaintiff from Defendant Deleon?


          $_____

(*Date, sign, and return this verdict.*)


Dated this _____ day of _____ 2016.


                              _____